In the Matter of the Claim of J. JOYCE GILL et al., Respondents. EMPIRE STATE MUSIC FESTIVAL, INC., Appellant; ISADOR LUBIN, as Industrial Commissioner, Respondent.
In the Matter of EMPIRE STATE MUSIC FESTIVAL, INC., Appellant; ISADOR LUBIN, as Industrial Commissioner, Respondent.

Third Department, March 28, 1961.

*Goodell & Moss* (*Hyman L. Kowall* of counsel), for Empire State Music Festival, Inc., appellant.

*Louis J. Lefkowitz, Attorney-General* (*Harold F. Lee, Paxton Blair* and *Samuel Stern* of counsel), for Industrial Commissioner, respondent.

*Robert L. Harder* for J. Joyce Gill and another, claimants-respondents.

BERGAN, P. J. The Empire State Music Festival, Inc., on this appeal from a decision of the Unemployment Insurance Appeal Board, contends that in the conduct of its Summer music festival at Ellenville in 1956 it was not an employer subject to unemployment insurance contributions on wages paid to its performers. Claimant Gill is a singer; claimant Ziegler, a musician.

The board and the Referee have found that: " The employer presents music festivals for the advancement of culture and the education of the public primarily in music and drama. In 1956, round-table discussions and lectures on the theatre amplified the employer's activities. Students were admitted in that year at reduced prices. Admission otherwise has been by subscription to single performances or the entire Summer series. Although the education of its patrons was one of the employer's aims, that aim was no more important than that of entertainment."

The relevant statutory test to determine exemption from coverage of a corporation organized and operated exclusively for " educational purposes " is to be found in subdivision 4 of section 560 of the Labor Law which provides that the term education " shall not be construed so as to apply to any employer whose primary activity is the production of plays, musical or otherwise, or concerts, for the entertainment of the public."

These criteria of definition were enacted following, and were intended by the Legislature to meet, the decision in *Matter of Guerin* (*New Opera Co.— Corsi*) (298 N. Y. 46 [1948]), which had construed the term " education " to include the music pro-

duction of the New Opera Company so as to relieve it of the obligation to pay unemployment insurance contributions. (L. 1952, ch. 397; L. 1954, ch. 129; Report, Joint Legis. Comm. on Unemployment Ins., N. Y. Legis. Doc., 1952, No. 39, p. 17; Report, Joint Legis. Comm. on Unemployment Ins., N. Y. Legis. Doc., 1954, Nov. 64, pp. 13, 24, 25, 40.)

During the 1956 season the appellant, Empire State Music Festivals, Inc., presented to the public 10 performances of 5 popular operas (e.g., *La Boheme, La. Traviata*); 2 performances of a popular ballet production, 13 performances of symphonic concerts, and 2 performances of *The Tempest.*

Tickets were sold to the general public in a flat amount for all performances of the season; or could be bought separately for individual performances. There was the usual advance publicity which accompanies productions of operatic and symphonic music.

Appellant argues that its "principal activity" is not production of plays, music, or concerts "for the entertainment of the public"; but rather that its principal activity is education.

It demonstrates adequately that the level of its productions was aimed at instruction, enlightenment and cultural development. Nevertheless, it is open to argument the other way on the undisputed facts, that the public is entertained, even though perhaps it may also be instructed, by hearing such productions as *La Boheme, La Traviata, The Tempest,* and the symphonies of Beethoven.

Many people have found joy, delight, and pure entertainment in attendance upon such productions; and such people are often unwilling to apply the term "education" to attendance on the opera or a concert, with all its dismal implications in this context. The definitive borderline might be quite thin; but our duty in reviewing the decision of the Unemployment Insurance Appeal Board is to determine whether substantial evidence supports it.

We are of opinion that the schedule of production during the 1956 season at Ellenville, and the general sale and distribution of tickets to the public, made it possible for the board to find on substantial evidence that the "primary" activity of the employer-appellant was the production of plays or concerts and hence that its activity was not exclusively for "educational purposes" within the statute.

The determination should be affirmed, without costs.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Determination affirmed, without costs.